STATE of Missouri, Respondent,

v.

Edward Lee McKEE, Appellant.

Edward Lee McKEE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43101, WD 44400.

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, respondent.

Before LOWENSTEIN, C.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Edward Lee McKee was found guilty by a jury of assault in the second degree,

§ 565.060, RSMo 1986,[1] armed criminal action, § 571.015.1, and unlawful use of a weapon, § 571.030.1(4). McKee was sentenced to seven years on the assault charge, five years on armed criminal action, and five years for unlawful use of a weapon. The sentences for assault and unlawful use were ordered to be served concurrently but consecutively to the five-year term for armed criminal action. McKee filed a motion under Rule 29.15 which was denied. McKee's appeal from both judgments has been consolidated. McKee contends the court erred in overruling his 29.15 motion because of ineffectiveness of counsel for failing to challenge two venirepersons for cause and also contends he was subjected to double jeopardy. Reversed and remanded.

In the early morning hours of September 2, 1989, Christopher Harris was standing in front of a house in Columbia. Jerome Jackson walked up and was later joined by McKee. McKee left but returned in a few minutes carrying a shotgun. Jackson called for those standing near Harris to move out of the way, pulled a handgun from his jacket and began firing in the direction of Harris. McKee started shooting at Harris with his shotgun. Harris was wounded in the head, face, and neck by shots fired from the shotgun.

The decisive issue is raised in the appeal from the denial of the 29.15 motion.

### RULE 29.15 APPEAL

 McKee filed a 29.15 motion which was later amended by appointed counsel. The motion alleged that McKee received ineffective assistance of counsel because counsel failed to challenge two venirepersons for cause who had stated that it would bother them if McKee did not testify.

During the voir dire, counsel for McKee inquired if any member of the panel would hold it against McKee if he were not called as a witness to testify on his own behalf. Thereafter, the following occurred:

VENIREPERSON McCAMPBELL: I'm going to have to say I realize that as a former government teacher that the defendant does not have to testify and so forth, but I would have to say as assistant principal for ten years I always wanted to hear the student's side, and I must say that probably is going to have some bearing.

MR. GOOCH: That would affect your impartiality on this?

VENIREPERSON McCAMPBELL: Uh-huh.

VENIREPERSON MARJORIE CARTER: I would have to also.

MR. GOOCH: Mr. Carter.

VENIREPERSON EDWIN CARTER: As a teacher I would have to.

VENIREPERSON MARJORIE CARTER: I feel the same way. I would like, I think that's only fair to him.

MR. GOOCH: Would anyone else be bothered or would it impair their judgment in this case if Mr. McKee was not called as a witness?

VENIREPERSON HAWLEY: I think I would.

MR. GOOCH: It would bother you? And basically in your opinion, why would it?

VENIREPERSON HAWLEY: I just think that I—

MR. ANTEL: Judge, I'll object to the form of that question as personalizing the issue.

The objection was sustained and neither counsel pursued the line of questioning concerning the feelings of the venire toward McKee if he did not testify, nor did the court make any inquiry concerning that question. Counsel for McKee moved to strike Ms. Hawley for cause but the prosecutor stated that he thought it was Ms. Carter who said that it would bother her if McKee did not testify. Thereupon, counsel for McKee challenged Marjorie Carter and Mr. McCampbell for cause, which motions were sustained. No motion to strike Ms. Hawley or Edwin Carter was made and both served on the jury. In denying the 29.15 motion the court found that the response of the venirepersons was ambiguous and did not unequivocally show that

1. All sectional references are to RSMo 1986, unless otherwise indicated.

Edwin Carter and Ms. Hawley would be biased or prejudiced. The court further found that the fact that Edwin Carter and Ms. Hawley were not challenged for cause did not prove that there was not a strategic decision made to retain them on the jury.

The idea that the failure to challenge Edwin Carter and Ms. Hawley for cause was a matter of trial strategy is undermined by the fact that there is no support in the record for a belief that the failure to challenge the two venirepersons was a matter of trial strategy. Both the attorney who conducted the voir dire on behalf of McKee and his co-counsel testified at the hearing on the 29.15 motion and neither could remember any reason for the failure to challenge the two for cause.[2] The finding that the failure to challenge these two for cause was a matter of trial strategy is not supported by the evidence. Rather, it is clear from the record that the failure to challenge Ms. Hawley resulted from counsel's becoming confused about whether it was she or Ms. Carter who had said it would bother her if McKee did not testify.

Nor does the record support the finding that the answers of the two venirepersons in question were ambiguous. The answer of Edwin Carter adopted the statement of McCampbell and Marjorie Carter that they would want to hear the defendant's side and that it would affect their impartiality. Ms. Hawley clearly said that it would bother her and impair her judgment if McKee were not called as a witness. Even if the answer of Edwin Carter could be termed ambiguous, there is no ambiguity in the response of Ms. Hawley.

The State contends that the two venirepersons were never asked if they could hear the case and follow the instructions of the court even after stating that it would bother them if McKee did not testify. The argument concludes that therefore it cannot be said that the two were prejudiced against McKee. Absent any question to Carter and Hawley about their ability to follow the instructions of the court, the State must resort to speculation and guesswork as to what the response of the two would have been had they been asked such question. Thus, it is no answer to say that if these venirepersons had been asked they would have stated that they could follow the law.

The failure of counsel to challenge a venireperson for cause was discussed in *Presley v. State*, 750 S.W.2d 602 (Mo.App. 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988). In *Presley*, counsel became confused and challenged the wrong venireperson for cause and failed to challenge one who had indicated that he would be partial to the state. The court held that a criminal defendant is guaranteed an impartial jury by the Sixth Amendment and the failure to provide an impartial jury violates even minimal standards of due process. *Id.* at 606. The court further held that an impartial jury is one where each member of the jury is totally free from any partiality whatsoever. *Id.* The court in *Presley* had no difficulty finding that Presley was denied effective assistance of counsel. The court thereafter had to resolve whether or not Presley had to meet the second prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by showing that the deficient performance by counsel prejudiced the defense. *Presley* held that *Strickland* had recognized that "[i]n certain Sixth Amendment contexts, prejudice is presumed." *Presley* held that the failure to afford a criminal defendant 12 persons who were totally free from any partiality was a denial of the right to trial by jury and that this satisfied the *Strickland* test for the showing of prejudice to the defendant. *Id.* at 607[4].

This court finds the reasoning in *Presley* to be persuasive. It is fundamental that a criminal defendant is entitled to a jury composed of only those who are free from any bias or prejudice. The failure to challenge for cause a venireperson who admits to a prejudice against the defendant is ineffectiveness absent an acceptable explanation. Here there is no explanation whatever for the failure to challenge two

2. Counsel for McKee on appeal is not the same as counsel who appeared at trial.

venirepersons who expressed their feeling that their judgment would be impaired if McKee did not testify. In this case, the fact that two venireperson voiced a prejudice and later served on the jury can only mean that McKee was tried in violation of his constitutional right to an impartial jury and that prejudice is so likely that prejudice may be presumed.

■ The judgment on the 29.15 motion must be reversed if this court finds the findings and conclusions of the trial court are clearly erroneous. That finding may be made upon this court's reaching a definite and firm impression that a mistake has been made. *Murray v. State,* 775 S.W.2d 89, 89–90 (Mo. banc 1989). This court has a definite and firm impression that a mistake has been made for the reasons just stated. The court erred in overruling the 29.15 motion on the ground of ineffectiveness of counsel and should have granted the motion, vacated the conviction and sentence, and granted a new trial.

## DIRECT APPEAL

■ In his direct appeal McKee contends that he was subjected to double jeopardy when he was convicted of both unlawful use of a weapon and armed criminal action. He contends that the same conduct constitutes a violation of two statutes and therefore he was subjected to double jeopardy. This contention will be addressed because it may be raised in another trial.

McKee seriously misapplies the double jeopardy doctrine. In *State v. Gottsman,* 796 S.W.2d 27, 29[3] (Mo.App.1990), this court quoted *Missouri v. Hunter,* 459 U.S. 359, 365, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983), to the effect that the Double Jeopardy Clause has been interpreted to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. This court pointed out that in a single prosecution for multiple crimes the double jeopardy doctrine in strict terms does not apply. This court further pointed out that *Hunter* held that when the legislature specifically authorized cumulative punishment for two crimes, even if they prohibited the

same conduct, punishment still may be imposed in the same trial for both offenses. This court also pointed out that the legislature has provided in § 556.041 that the same conduct of a person may establish the commission of more than one offense and he may be prosecuted for each of such offenses unless certain conditions apply. One of the conditions is that if one offense is included in the other. *Id.* at 29. This court further held that in *State v. McLemore,* 782 S.W.2d 127, 128[2] (Mo.App. 1989), it was held that § 556.041 must be construed by focusing on the statutory elements of each offense and not upon the evidence adduced. *Id.* at 30.

Applying § 556.041 to this case reveals that unlawful use of a weapon is not a lesser included offense of armed criminal action. The armed criminal action in this case was predicated on the assault charge and not on the unlawful use of a weapon charge. The unlawful use of a weapon charge is not a lesser included offense of armed criminal action because each offense requires proof of different elements. Nor are any of the other exceptions under § 556.041 present in this case.

McKee relies on *State v. King,* 748 S.W.2d 47 (Mo.App.1988). *King* involved a prosecution for armed criminal action and unlawful use of a weapon. The armed criminal action charge utilized the crime of unlawful use of a weapon as the underlying offense. This court distinguished *King* in *Gottsman,* 796 S.W.2d at 30 n. 5. This court pointed out that unlawful use of a weapon was excepted from the armed criminal action statute as a crime to which that statute applies. Thus, *King* was correct in holding that cumulative punishment was not authorized in that situation. Here, the armed criminal action charge was not based on the unlawful use of a weapon offense. For that reason *King* has no application. When tested by the standard of § 556.041, armed criminal action based on another offense and unlawful use of a weapon may be punished by cumulative sentences for the same conduct in the same trial.

There was no double jeopardy involved in convicting McKee of both armed criminal action and unlawful use of a weapon when the armed criminal action charge was not based on the unlawful use of a weapon.

The other points raised by McKee need not recur on retrial. If they do, the parties have the advantage of the briefs.

The judgment denying relief on the 29.15 motion is reversed and this cause is remanded with directions to sustain the 29.15 motion and to vacate the conviction and sentence of McKee and to order a new trial for McKee.

All concur.