**STATE of Missouri, Respondent,**

v.

**Chester E. JAMES, Appellant.**

**No. WD 61347.**

Missouri Court of Appeals,
Western District.

Oct. 14, 2003.

---

Ellen H. Flottman, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Assistant Attorney General, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., and SMITH and HOWARD, JJ.

### Order

PER CURIAM.

Chester James appeals the judgment of his conviction, after a jury trial in the Circuit Court of Jackson County, for one count of murder in the second degree, § 565.021.1; and one count of armed criminal action (ACA), § 571.015. As a result of his convictions, the appellant was sentenced, as a prior offender, § 558.016, to consecutive prison terms in the Missouri Department of Corrections of thirty years for second-degree murder and ten years for ACA.

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in admitting and allowing the playing of, for the jury, the entirety of the videotaped statements of State's witness, Margaret Fowler, Exhibits 184 and 185, and admitting and allowing access to, by the jury during deliberations, the complete transcripts of those statements, Exhibits 186 and 187, because the exhibits were admitted to impeach Fowler's prior inconsistent statements such that admitting the exhibits and allowing their use in their entirety, constituted improper bolstering in that the exhibits included many details that were consistent with Fowler's testimony at trial. In Point II, he claims that the trial court erred in overruling his request for a mistrial when State's witness Vincent James, the appellant's son, invoked his Fifth Amendment privilege against self-incrimination during his direct examination, because a mistrial was the only adequate remedy to cure the prejudicial effects of Vincent's remarks, in that the only reasonable conclusion that the jury could draw from Vincent's invocation of the privilege was that he and the appellant were both involved in criminal activity.

Affirmed. Rule 30.25(b).