**Harold SCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84968.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 3, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 2005.

Case Transferred to Supreme Court Sept. 20, 2005.

Case Retransferred to Court of Appeals Jan. 31, 2006.

Original Opinion Reinstated Feb. 27, 2006.

**4.** *Carella v. California,* 491 U.S. 263, 265, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989).

Irene C. Karns, Assistant Public Defender, Columbia, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Harold Scott ("Movant") appeals from the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 Motion for Post–Conviction Relief. In his

appeal, Movant argues that the motion court clearly erred when, without an evidentiary hearing, it failed to find that the attorney who represented him at his jury trial on the charge of two counts of first-degree robbery, one count of first-degree assault and three counts of armed criminal action, rendered ineffective assistance. Movant specifically contends that his trial counsel rendered ineffective assistance when counsel failed to demand race-neutral explanations from the State for using five of its six peremptory strikes to exclude African–American venirepersons. Because we hold that the determination of the motion court was not clearly erroneous, we affirm.

### Statement of the Facts and Proceedings Below

Viewed in the light most favorable to the verdict, the evidence adduced at Movant's trial establishes that on the evening on January 17, 1997, Michael Ely, a manager at a Taco Bell, planned to take store proceeds to the bank to make a deposit. In accordance with company procedure, Ely placed the money into a "to go" bag and gave it to the drive-thru attendant.

Following Taco Bell's standard security procedure, Ely drove his truck through the drive-thru line so as to appear to be a typical customer. When he got to the drive-thru window, the drive-thru attendant gave Ely the deposit concealed in the "to go" bag. As Ely drove through the drive-thru exit, a black Ford Tempo blocked his way. Movant approached Ely's car wearing a ski mask and carrying a gun and demanded the deposit bag. When Ely handed over the money, Movant got into the Tempo and sped off.

On April 21, 1997, Movant, and two accomplices prepared to rob Ely a second time. At approximately 9:40 a.m., Ely prepared a deposit, left the restaurant, got in his car, drove through the drive-thru and collected the deposit. Again, when Ely began to exit the drive-thru lane, he saw the same black Ford Tempo blocking the exit. Realizing that a second robbery was about to occur, Ely jumped his car over the curb of the drive-thru lane. When Ely's car stopped, Movant approached with his gun drawn. Ely's foot slipped off the brake and, as the car moved toward Movant, Movant fired his gun into the driver side window of Ely's car. Movant demanded the money, but Ely's lower body had gone numb and he told Movant he could not move. Movant opened the door and took the deposit money from Ely and got into the Ford Tempo and fled the scene.

On April 29, 1997, investigators traced the Ford Tempo to Movant's girlfriend who gave police permission to search her house. Police found a gun and ski mask in the trash can. Movant's girlfriend told the police that both items belonged to Movant and police subsequently arrested Movant on May 8, 1997. Upon arrest, Movant admitted he was involved in both robberies.

Movant, an African–American, was charged with two counts of first-degree robbery, one count of first-degree assault and three counts of armed criminal action. Movant went to trial in August 1998. In the course of selecting the jury, the State used five of its six peremptory challenges to strike African–Americans from the panel. After the parties made strikes for cause, the panel consisted of fourteen African–Americans, nineteen Caucasians and one Asian. Following peremptory strikes the jury consisted of four African–Americans, nine Caucasians and one Asian. Movant's trial counsel did not raise a Bat-

*son* challenge.[1]

At the close of testimony, the jury found Movant guilty of all charges and the trial judge sentenced Movant to six concurrent terms of thirty years' imprisonment. We affirmed Movant's conviction on direct appeal in *State v. Scott,* 9 S.W.3d 624 (Mo. App. E.D.1999).

Movant filed a Rule 29.15 Motion for Post–Conviction Relief and, years later, appointed counsel filed an Amended Motion for Post–Conviction Relief and request for an evidentiary hearing alleging, in pertinent part, that counsel was ineffective for failing to require the State to show race-neutral explanations when it used five of its six peremptory strikes to strike five African–Americans from the panel. The motion court denied Movant's Rule 29.15 motion, without an evidentiary hearing finding, *inter alia:* Movant did not have standing to challenge the State's exclusion of certain African–American venirepersons because *Batson* issues are beyond the scope of a Rule 29.15 motion; and Movant did not suffer a violation of his constitutional rights because the jury consisted of several African–American jurors. This appeal followed.

### Standard of Review

■ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court clearly erred in finding that counsel was not ineffective. *Helmig v. State,* 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). To prove ineffective assistance of counsel, Movant must demonstrate that: (1) counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) Movant was prejudiced by counsel's poor performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002).

Satisfaction of the first prong of the *Strickland* test requires Movant to overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998). The second *Strickland* prong necessitates that Movant "show a reasonably probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* If Movant fails to prove either prong of the *Strickland* test, we need not consider the remaining prong. *Buckner v. State,* 35 S.W.3d 417, 420 (Mo.App. W.D.2000).

### Discussion

In his sole point, Movant alleges that the motion court erred when it denied his request for an evidentiary hearing and refused to find trial counsel ineffective for failing to demand race-neutral explanations from the State for using five of its six peremptory strikes to exclude African–American venirepersons. In response, the State contends that Movant: (1) failed to plead facts warranting relief; and (2) failed to establish that there was a reasonable probability that but for counsel's failure to raise the *Batson* challenges, the outcome of trial would have been different.

■ As a preliminary matter, we note that claims that trial counsel was ineffective for failing to raise a *Batson* challenge at trial are cognizable in a Rule 29.15 motion. *See State v. Harris,* 908 S.W.2d 912, 916 (Mo.App. E.D.1995). Indeed, this court has previously found that, "[f]ailure to object to improper jury selection meth-

---

1. *"Batson"* refers to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

ods could in a proper case constitute ineffective assistance of counsel affecting the fairness of a criminal trial." *State v. Loazia,* 829 S.W.2d 558, 569–70 (Mo.App. E.D. 1992), *citing Kirk v. State,* 778 S.W.2d 661, 662 (Mo.App. E.D.1989). It is well-settled that post-conviction relief based on ineffective assistance of counsel is limited to errors which prejudiced a movant by denying that movant the right to a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Accordingly, a motion for post-conviction relief based on ineffective assistance of counsel for failing to object to improper jury selection methods is reviewable as long as the movant alleges that counsel's failure to object affected the fairness of his trial, as opposed to merely alleging that counsel's inaction precluded his right to appeal. *Kirk,* 778 S.W.2d at 662.

In this case, Movant cannot succeed in his motion for post-conviction relief not because he improperly challenges his counsel's failure at trial to object to jury selection on grounds of *Batson,* but rather because, under the facts presented here, Movant has not established that he suffered any actual prejudice as a result of trial counsel's failure to raise a *Batson* challenge to the State's peremptory strikes.

 Generally, the motion court is not obligated to hold an evidentiary hearing on a motion for post-conviction relief unless: (1) Movant alleged facts, rather than conclusions, warranting relief; (2) the facts alleged raise matters not conclusively refuted by the files and record; and (3) the matters complained resulted in prejudice to Movant. *Haddock v. State,* 75 S.W.3d 872, 876 (Mo.App. W.D.2002). Applying this standard to the case at hand, we hold that the motion court's denial of Movant's motion for post-conviction relief without an evidentiary hearing was not clearly erroneous because Movant's mere allegation of ineffective assistance of counsel was insufficient to trigger the grant of an evidentiary hearing and he did not suffer prejudice.

 To obtain an evidentiary hearing on a post-conviction relief motion premised on ineffective assistance of counsel, a movant must "allege facts showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that movant was thereby prejudiced." *Barnett v. State,* 103 S.W.3d 765, 769 (Mo. banc 2003). Here, unable to allege actual prejudice, Movant summarily concludes "[w]hether the failure to [hold a *Batson* hearing] was due to trial court error or deficient performance by counsel, the potential for prejudice is the same." Notably, Movant refers to "the potential for prejudice" instead of alleging that he suffered actual prejudice.

 Moreover, a movant is entitled to a presumption of prejudice resulting from counsel's ineffective assistance during the jury selection process only if the movant can show that a biased venireperson ultimately served on the jury. *State v. Colbert,* 949 S.W.2d 932, 944 (Mo.App. W.D. 1997). Movant's motion is completely devoid of allegations or incidents of juror bias. As a result, the record does not contain any indication that Movant was prejudiced by trial counsel's failure to raise a *Batson* challenge. Accordingly, the motion court did not clearly err when it denied his motion for post-conviction relief without an evidentiary hearing. Point denied.

### *Conclusion*

The judgment of the motion court is affirmed.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concur.