STATE of Missouri, Respondent,

v.

Gregory N. GRONDMAN, Appellant.

No. WD 64717.

Missouri Court of Appeals,
Western District.

April 25, 2006.

Rosemary E. Percival, Kansas City, for Appellant.

Shaun J. Mackelprang, Jefferson City, for Appellee.

Before: SMART, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Gregory Grondman was convicted by jury on two counts of second-degree statutory sodomy and two counts of second-degree child molestation. On appeal, Mr. Grondman contends the trial court erred

in refusing to strike two venirepersons for cause. We reverse and remand.

After the voir dire examination, Mr. Grondman's attorney moved to strike venirepersons Parks and Rodeghier for cause, contending they could not be impartial if Mr. Grondman did not testify at trial. The motion was based on the following voir dire responses from venireperson Parks:

DEFENSE COUNSEL: ... The defendant chooses not to take the stand and tell his side of the story. The question is would you hold it against him. . . .

MS. PARKS: I have trouble with the child having to defend her side of it and then letting somebody else defend him. That is where I stand. I don't know if I would give him the benefit of the doubt or not. I am sure he's told you and you believe him, but hearing it from his own mouth may make a difference in how I react to it.

PROSECUTOR: ... We are looking for fair and impartial jurors. It is important to both sides. Would you be able to follow the instructions from this judge after listening to the facts if you were selected as a juror person and apply those facts to the law?

MS. PARKS: I could.

PROSECUTOR: Okay. Wait just a second. Do you also understand that the law and the instructions would indicate this defendant has a Constitutional right not to testify?

MS. PARKS: I understand.

PROSECUTOR: And you wouldn't hold it against him?

MS. PARKS: No. That being the law.

PROSECUTOR: That is the law. You would not hold that against him, yes or no.

MS. PARKS: No, I would not.

. . . .

DEFENSE COUNSEL: The fact that if the defendant chose not to take the stand, would that—would you consider that as evidence he is guilty? ... Would you be thinking back in the jury room, you know, I have waited, folks called, but know what, he didn't take the stand.

MS. PARKS: I don't think it would—well no. Say no. I don't think it would sway my opinion. I think he should testify but I think I could base my opinion based on just what I heard from the lawyers without feeling like he had to.

DEFENSE COUNSEL: Earlier you were saying you had a problem with that?

MS. PARKS: I do have a problem with that. Because I have a problem with the authority of the father not speaking up. I mean the child is having to defend an action that she says happened against her and he's not giving any indication one way or the other for us to hear him say he did or he did not do it. We are letting someone else speak for him. And that is a problem to me. I don't think I would vote any different because of it but—

DEFENSE COUNSEL: How about a close call? It is right there and you just don't know which way to go, would that—would you take that as evidence of guilt?

MS. PARKS: I would lean to say he is guilty.

The motion was also based on the following responses from venireperson Rodeghier:

DEFENSE COUNSEL: Thank you. Mr. Rodeghier, I was asking you some questions. Did I see you nod your head?

MR. RODEGHIER: The only reason I nodded my head is because I felt as many of the other people felt. Some-

body has something to say you should say it. Otherwise you get the evidence as you get it. You have all the evidence and we deal with what we have. It is an indication it is another piece of the pie. That is all.

DEFENSE COUNSEL: Let me go back to the same question. You have a case and it is a close call, some point, you don't know which way to go. If he chose not to take the stand and you never heard him, never heard his side of it, would you consider that in reaching your personal verdict?

MR. RODEGHIER: Sure. I would have to consider the fact that he said nothing. Does that mean he's guilty? No. But that he didn't say anything, yes.

DEFENSE COUNSEL: I am not asking about guilt yet. I am asking would you consider the fact he didn't testify as evidence?

MR. RODEGHIER: I just got through stating I would have to take that into consideration.

DEFENSE COUNSEL: Along with all the other evidence?

MR. RODEGHIER: Of course, yes.

The court denied the motion to strike and both Mr. Rodeghier and Ms. Parks served on the jury. Mr. Rodeghier served as the foreperson.

Mr. Grondman did not testify at trial. Following his conviction on two counts of second-degree sodomy and second-degree child molestation, he was sentenced to a total of seven years' imprisonment.

In his sole point on appeal, Mr. Grondman contends the trial court erred in denying his motion to strike venirepersons Parks and Rodeghier for cause. He asserts both venirepersons indicated, during voir dire, that they could not be fair and impartial jurors if Mr. Grondman did not testify at trial. Because Ms. Parks and

Mr. Rodeghier served on the jury and Mr. Grondman did not testify at trial, he argues his constitutional rights to due process, freedom from self-incrimination, and a fair and impartial jury were violated.

"[R]eview of a trial court ruling on a motion to strike for cause is limited to whether there was an abuse of discretion, that is, whether the ruling is clearly against the weight of the evidence and contrary to logic." *State v. Ringo*, 30 S.W.3d 811, 816 (Mo. banc 2000). "An appellate court will find reversible error [in the conduct of voir dire] only when an abuse of discretion is found and the defendant can demonstrate prejudice." *State v. Oates*, 12 S.W.3d 307, 311 (Mo. banc 2000).

■ The critical question on a challenge for cause is whether the venireperson unequivocally indicated an ability to evaluate the evidence fairly and impartially. *State v. Clark–Ramsey*, 88 S.W.3d 484, 488 (Mo.App.2002). The qualifications of a prospective juror must be determined on the basis of the entire examination and not just a single response. *Id.* at 486. If the voir dire responses suggest a possibility of bias, but upon further examination that venireperson gives unequivocal assurances of impartiality, the mere possibility of prejudice will not disqualify such rehabilitated juror. *Id.* at 489. However, when the examination leaves uncertainty about the venireperson's ability to be fair and impartial, the trial court has a duty to make an independent inquiry regarding fitness for jury service. *Id.* at 488–89. In such cases, the absence of an independent examination by the trial judge justifies a more searching review by this court of the challenged juror's qualifications. *Id.* at 489.

■ The record reveals that venireperson Parks initially stated she had a problem with the victim having to testify while

the defendant could remain silent. She was rehabilitated by the Prosecutor's questions about her ability to follow the law, but defense counsel subsequently re-established that Ms. Parks had lingering concerns about a defendant who did not speak up for himself. Ultimately, Ms. Parks admitted that she would "lean" toward finding the defendant guilty in a close case if he did not testify. Despite this clear indication of bias against Mr. Grondman's due process rights, the trial court did not conduct an independent inquiry of Ms. Parks' fitness for jury service.

 Similarly, venireperson Rodeghier expressed his concern during voir dire that if the "[defendant] has something to say [he] should say it." He stated that he "would have to consider the fact the defendant said nothing," but that would not necessarily mean the defendant is guilty. Had the voir dire ended there, it would be a closer question as to whether Mr. Rodeghier was rehabilitated as a fair and impartial potential juror. However, after further questioning by defense counsel, Mr. Rodeghier confirmed that, in a "close call," he would consider the defendant's failure to testify along with the other evidence in the case. This equivocation required additional inquiry to clarify whether Mr. Rodeghier would follow the law to protect the defendant's right against self-incrimination. Because the trial court did not conduct such inquiry, the record does not establish that Mr. Rodeghier was qualified to serve on the jury.

The trial court abused its discretion in refusing to strike venirepersons Parks and Rodeghier for cause. Neither of the prospective jurors was rehabilitated after indicating that they would consider the defendant's failure to testify as evidence of his guilt. Based on their voir dire responses, Ms. Parks and Mr. Rodeghier were not qualified as fair and impartial jurors. Ac-

cordingly, Mr. Grondman was prejudiced by their participation on his jury panel. The judgment of conviction is reversed, and the cause remanded for a new trial.

All concur.