**Chester JAMES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 66774.

Missouri Court of Appeals, Western District.

April 24, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2007.

Rebecca L. Kurz, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and JOHN I. MORAN, Judge.

JOSEPH M. ELLIS, Judge.

Chester James appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. In his sole point on appeal, Appellant contends that trial counsel was ineffective for failing to strike a venireperson for cause after she indicated that she would draw an adverse inference from a criminal defendant's failure to testify and that the motion court, therefore, clearly erred in finding that he received effective assistance of counsel. For the following reasons, we reverse the decision of the motion court.

Appellant was charged by information with one count of murder in the second degree and one count of armed criminal action in relation to the February 27, 2000, shooting death of Kevin Tucker. Appellant was tried by jury and found guilty on

both counts, and he was subsequently sentenced as a prior offender to a term of thirty years on the murder count to be served consecutively to a ten-year term on the armed criminal action count. This court affirmed those convictions and sentences on direct appeal. *State v. James*, 117 S.W.3d 164, 165 (Mo.App. W.D.2003).

On January 12, 2004, Appellant filed a timely motion for post-conviction relief under Rule 29.15. Appointed counsel later filed an amended motion. In relevant part, Appellant claimed that counsel was ineffective for failing to ask the trial court to strike venireperson Lynn Goodseal for cause after she indicated she would draw a negative inference from a defendant's failure to testify in his own defense. Following an evidentiary hearing, on February 23, 2006, the motion court entered its findings of fact and conclusions of law denying Appellant's motion. Appellant brings one point on appeal.

"Review of denial of relief under Rule 29.15 is limited to determining whether the motion court's findings and conclusions are clearly erroneous." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

"To prevail on an ineffective assistance of counsel claim, [Appellant] must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) the deficient performance prejudiced [Appellant]." *State v. Rich*, 950 S.W.2d 337, 339 (Mo.App. W.D.1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "We presume counsel to be competent, requiring proof to the contrary by a preponderance of the evidence." *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996). As to prejudice, a claimant must demonstrate prejudice by showing that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Slater v. State*, 147 S.W.3d 97, 100 (Mo.App. W.D.2004). Appellant must establish both the performance and prejudice prongs of this test in order to prevail on a claim of ineffective assistance, and if he fails to satisfy either prong, we need not consider the other. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997).

■ In his lone point, Appellant claims that counsel was ineffective for failing to ask the trial court to strike venireperson Goodseal for cause after she indicated that she would draw a negative inference from a criminal defendant's failure to testify in his own defense. Appellant's argument is based upon the following exchange that occurred during voir dire:

Venireperson Goodseal: Lynn Goodseal. If I am to understand you, being the defense attorney, we are to assume—or that your client is innocent, and it's the burden of proof of the prosecutors to prove that he's not innocent. Therefore, your job is to defend his innocence. We are to assume he's innocent?

Defense Counsel: That's right.

Venireperson Goodseal: Right.

Defense Counsel: I think that—is there—is there more to come? Is there another question in there or—you've got it right. And what I'm talking about, though, is—

Venireperson Goodseal: So we should have no question that he's not innocent.

Defense Counsel: Okay.

Venireperson Goodseal: Because the burden of proof is on the prosecutors to prove that he's not innocent, that he's guilty.

Defense Counsel: Right. Okay.

Venireperson Goodseal: Right.

Defense Counsel: I think you've got it. All right. Anybody else? What this also has to do with is, you may be instructed the law is a defendant in a criminal case has a right not to testify. And if he chooses not to testify, that can't be held against him in any way. But does anybody think that they might need to hear from Chester James, that they would have to hear him take the stand and say, I'm not guilty, I didn't do this, before you could find him not guilty? I don't see any hands. Does everybody agree that's not going to cause them any concern if Chester James doesn't take that stand and testify and say, I didn't do this? That's not going to enter into your mind in deciding whether or not the State's proved their case beyond a reasonable doubt? Yes, Ma'am.

Venireperson Goodseal: Lynn Goodseal. Speaking for myself, if I knew I wasn't guilty of a crime, I would want people to know that I wasn't guilty. So I would like to speak—I would speak for my—stand up for myself and say, no, I did not do this crime.

Defense Counsel: And that is a perfectly fair feeling to have. And that's why I ask this question, because other people may share your belief, that if it was actually you, then you'd be taking the stand. But the situation is that he might not take the stand.

Venireperson Goodseal: Right.

Defense Counsel: Whether you would or not, he might not. And the law is that you can't hold that against him at all. You can't think, well, if it was me, I'd be taking the stand, so if he's not taking the stand, then that must mean he's guilty. Well, the law is that you can't do that. The law is that you can't take that into consideration. Do you think you would have difficulty with that?

Venireperson Goodseal: I would have a question in my mind, yes.

Defense Counsel: Okay. Thank you. That's—that's what we're asking. Anybody else feel that way? Yes, Ma'am.

Venireperson Lewis: I do.

Defense Counsel: Your name for the record.

Venireperson Lewis: I'm sorry. Christi Lewis.

Defense Counsel: You also feel that?

Venireperson Lewis: I feel that way.

Defense Counsel: That you would need to hear from the defendant?

Venireperson Lewis: Yes, because I would get up there and say, I didn't do it, and I'm just an ordinary person.

Defense Counsel: Okay. Thank you.

In his post-conviction motion and during the motion hearing, Appellant argued that Goodseal's comments indicated her inability to refrain from drawing an adverse inference from Appellant's failure to testify and that counsel should have asked the court to strike her for cause on that basis.

 "A defendant has a right to a fair and impartial jury." *Anderson,* 196 S.W.3d at 40. " 'To qualify as a juror, the venireman must be able to enter upon that service with an open mind, free from bias and prejudice.' " *State v. Stanley,* 124 S.W.3d 70, 77 (Mo.App. S.D.2004) (quoting *State v. Wheat,* 775 S.W.2d 155, 158 (Mo. banc 1989)). "If a juror cannot be fair and impartial, then the juror must be stricken." *Ham v. State,* 7 S.W.3d 433, 439 (Mo.App. W.D.1999). "An accused must be afforded a full panel of qualified jurors

before he is required to expend his peremptory challenges; denial by a trial court of a legitimate request by an accused to excuse for cause a partial or prejudiced venireperson constitutes reversible error." *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985).

 "The critical question on a challenge for cause is whether the venireperson unequivocally indicated an ability to evaluate the evidence fairly and impartially." *State v. Grondman,* 190 S.W.3d 496, 498 (Mo.App. W.D.2006). "Where a venireperson's answer suggests a possibility of bias, that person is not qualified to serve as a juror unless, upon further questioning, he or she is rehabilitated by giving unequivocal assurances of impartiality." [1] *Stanley,* 124 S.W.3d at 77. Specific to this case, a criminal defendant has "a right to have no adverse presumption or inference drawn by the jury by his failure to testify." *State v. Clement,* 2 S.W.3d 156, 159 (Mo. App. W.D.1999) (internal quotation omitted).

 Goodseal's comments clearly suggested that she would have difficulty not drawing an adverse inference from Appellant's failure to testify at trial, and she was not subsequently rehabilitated. Goodseal's statements were made in response to counsel reciting the law regarding a defendant's right not to testify and not to have that held against him and questioning the venire panel if they would need to hear from the defendant in order to find him not guilty. Counsel asked if it was going to affect anyone's decision-making in determining whether the State proved its case beyond a reasonable doubt. Goodseal responded by stating that she would testify if she was on trial and was not guilty. When counsel further asked if she would have difficulty not taking the defendant's failure to testify into consideration in deciding the case, she responded by stating, "I would have a question in my mind, yes." Since Goodseal's comments were more than sufficient to suggest she might have a problem avoiding drawing a negative inference from the defendant's failure to testify and she was not rehabilitated, the trial court would have been required to strike her for cause had such a request been made. *Stanley,* 124 S.W.3d at 77; *Stewart,* 692 S.W.2d at 298–99; *State v. Clark–Ramsey,* 88 S.W.3d 484, 490–91 (Mo.App. W.D.2002).[2]

---

1. "Moreover, a trial judge has a duty to make its own independent inquiry whenever a venireperson equivocates about his or her ability to be fair and impartial." *State v. Stanley,* 124 S.W.3d 70, 77 (Mo.App. S.D.2004).

2. In *Stewart,* the challenged venireperson indicated that she believed "that if a defendant were innocent she would expect him to testify and his failure to do so would be suspicious." *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985). The Missouri Supreme Court found that, while the venireperson later stated that she would not hold it against the defendant if he did not testify, she "never unequivocally stated that she would not draw any inference of guilt from defendant's failure to testify." *Id.* at 298–99. Accordingly, the Supreme Court found reversible error based upon the trial court's refusal to strike her for cause. *Id.* at 299.

In *Stanley,* "Defense counsel specifically questioned the venire to determine whether anyone might hold it against Defendant if he did not testify and 'requires to hear what Mr. Stanley has to say.' In response to this specific inquiry, venireperson West stated that if Defendant 'thought he was innocent enough he needs to say so. I would want to know where he was. He was being charged for a certain thing and I would want to hear him say yea or nay.' " *State v. Stanley,* 124 S.W.3d 70, 77–78 (Mo.App. S.D.2004). The Southern District of this Court held that these comments indicated bias because the venireperson would draw an adverse inference against the Defendant if he failed to testify. *Id.* at 78. The Court noted, "[a]t no point during the *voir dire* examination was West ever asked any question by the State or the trial court which served to rehabilitate her and provide

We must, therefore, consider whether counsel was ineffective for failing to have Goodseal struck from the venirepanel.[3] In denying Appellant's claim, the motion court found that Appellant failed to prove that the decision not to ask the trial court to strike Goodseal wasn't a matter of trial strategy because trial counsel testified that he could not remember why he did not challenge Goodseal. The court further found that the record demonstrated a plausible strategic reason for deciding not to challenge Goodseal based upon the fact that voir dire lasted several hours, counsel had a chance to observe Goodseal's demeanor, and Goodseal never stated unequivocally that she could not be fair and impartial.

▆▆▆▆ "A court will not find ineffective assistance where the conduct complained of by the accused involves counsel's use of reasonable discretion in a matter of trial strategy." *Johnson v. State*, 125 S.W.3d 872, 876 (Mo.App. S.D. 2003) (internal quotation omitted). "For trial strategy to be the basis for denying a Rule 29.15 claim, however, the strategy must be reasonable." *Anderson*, 196 S.W.3d at 40. "To hold otherwise would be to say that any decision of trial counsel no matter how ill-advised could not constitute ineffective assistance." *Johnson*, 125 S.W.3d at 876.

▆▆▆▆ "The failure to challenge for cause a venireperson who admits to a prejudice against the defendant is ineffectiveness absent an acceptable explanation." *State v. McKee*, 826 S.W.2d 26, 28 (Mo.App. W.D. 1992). In the case at bar, the motion court did not specifically identify any plausible strategic reason for counsel's failure to challenge Goodseal; it merely noted that counsel had been present during voir dire and opined that counsel may have observed something about Goodseal during that period. At the motion hearing, counsel was unable to identify any strategic reason for allowing Goodseal to remain on the venirepanel, even after reviewing his notes from jury selection, and no strategic reason for allowing Goodseal to remain on the jury is apparent from the record. Counsel's inability to remember the reasons for deciding not to strike the juror at issue does not support a finding that counsel's decision was a matter of trial strategy and, in fact, undermines such a conclusion. *Anderson*, 196 S.W.3d at 40–41; *McKee*, 826 S.W.2d at 28.[4] A reasonably competent attorney would have challenged Goodseal for cause, and the fact that she served on the jury "can only mean that [Appellant] was tried in violation of his constitutional right to an impartial jury and that prejudice is so likely that prejudice may be presumed." *McKee*, 826 S.W.2d at 29.[5]

unequivocal assurance that she could be fair and impartial. Absent such rehabilitation, venireperson West was not qualified to sit on the jury, and the trial court committed plain error in denying Defendant's motion to strike her for cause." *Id.*

3. The State offers no argument related to the effectiveness of counsel, relying entirely upon an argument that Goodseal's comments did not establish cause.

4. In *McKee*, this court stated: "The idea that the failure to challenge [the veniremembers] for cause was a matter of trial strategy is undermined by the fact that there is no sup-

port in the record for a belief that the failure to challenge the [veniremembers] was a matter of trial strategy.... [Counsel] could [not] remember any reason for the failure to challenge ... for cause. The finding that the failure to challenge ... for cause was a matter of trial strategy is not supported by the evidence." *State v. McKee*, 826 S.W.2d 26, 28 (Mo.App. W.D.1992) (footnote omitted).

5. "[T]he failure to afford a criminal defendant 12 persons who were totally free from any partiality was a denial of the right to trial by jury and that this satisfied the *Strickland* test for the showing of prejudice to the defen-

Accordingly, the motion court erred in determining that Appellant received effective assistance of counsel.

The trial court's denial of Appellant's post-conviction motion is reversed, the conviction and sentence are vacated, and the cause is remanded for new trial.

All concur.

dant." *McKee,* 826 S.W.2d at 28 (internal quotation omitted).