**Sonny J. WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 92081.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 11, 2009.

Mark A. Grothoff, Assistant Public Defender, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

## OPINION

PATRICIA L. COHEN, Judge.

Sonny White (Movant) appeals from the judgment of the Circuit Court of Marion County denying his Rule 29.15 motion for post-conviction relief. Movant argues that the motion court clearly erred by finding that his trial counsel was not ineffective. Specifically, Movant contends that his counsel was ineffective for failing to move to strike a venireperson who stated that he could not be fair to Movant and who ultimately served on the jury. We reverse the motion court's denial of Movant's post-conviction motion, vacate Movant's conviction and sentence, and remand for a new trial.

### Background

Movant was charged in Macon County as a prior drug offender with one count each of possession of marijuana with intent to distribute, trafficking in the first degree, endangering the welfare of a child, and resisting arrest. After a change of

venue to Marion County, Movant's case proceeded to trial in December 2006. During jury selection, when the State asked the panel if anyone would be unable to listen to all the evidence before reaching a decision, venireperson Steven Graham remained silent. Later, however, upon inquiry by Movant's counsel, Mr. Graham responded as follows:

> Counsel: [I]f there's anything in any of your life experiences, I would like to hear about it if that would prevent you from sitting as a juror. [ . . . ]
>
> Mr. Graham: From what I've already heard at the beginning, I don't believe I could be fair for the defendant.
>
> Counsel: Okay. And that's knowing that these are just accusations, correct?
>
> Mr. Graham: Well . . .
>
> Counsel: Yes?
>
> Mr. Graham: Yes.
>
> Counsel: Because, Mr. Graham, you don't know where this crime occurred, specifically, do you?
>
> Mr. Graham: No.
>
> Counsel: And you don't know who was present?
>
> Mr. Graham: [shakes head]
>
> Counsel: No?
>
> Mr. Graham: No.
>
> Counsel: And you don't know what officers were involved, correct?
>
> Mr. Graham: Right.
>
> Counsel: And you don't know what mistakes were made, if any, correct?
>
> Mr. Graham: Right.
>
> Counsel: And you don't know the history of this case, correct?
>
> Mr. Graham: Yes.
>
> Counsel: Alright. And you couldn't be fair, correct?
>
> Mr. Graham: I don't believe so.
>
> Counsel: Alright. And, following the judge's instructions, you're confident that you just couldn't do it because of the nature of the case?
>
> Mr. Graham: Correct.

Toward the end of voir dire, counsel asked, "[i]s there anybody who would like to not be a juror in this case for any reason?" Mr. Graham raised his hand. Counsel acknowledged him and said, "Mr. Graham, I understand your position."

Despite the foregoing exchange, Movant's counsel did not move to strike Mr. Graham, and Mr. Graham ultimately served on the jury in Movant's trial. The jury found Movant guilty on three counts. The trial court sentenced Movant to consecutive sentences of twenty-five years for possession and trafficking and a concurrent sentence of seven years for endangering the welfare of a child. The jury acquitted Movant of resisting arrest. This court affirmed the judgment and sentence. *State v. White*, 244 S.W.3d 196 (Mo.App. E.D.2008).

Movant filed *pro se* a timely post-conviction relief motion, which appointed counsel amended, claiming that trial counsel was ineffective for failing to move to strike Mr. Graham. The motion court held an evidentiary hearing during which Movant introduced his counsel's affidavit into evidence. In his affidavit, counsel stated that his failure to strike Mr. Graham was an oversight and not trial strategy. The prosecutor concurred stating, "this juror who had made the statement that 'I don't believe I could be fair,' admittedly twice, and frankly, again I would have striked (sic) that person, typically, but I missed him, too." The motion court denied Movant's Rule 29.15 motion, finding that: Mov-

ant did not unequivocally indicate bias; counsel made a strategic decision not to strike Mr. Graham; counsel's affidavit to the contrary was "not believable;" and Movant suffered no prejudice because the evidence against him was overwhelming. Movant appeals.

### Standard of Review

██ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court clearly erred in finding that counsel was not ineffective. *Helmig v. State,* 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). To prove ineffective assistance of counsel, Movant must demonstrate that: (1) counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) Movant was prejudiced by counsel's poor performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002).

██ Where trial counsel fails to strike a biased venireperson who ultimately serves as a juror, a post-conviction defendant is entitled to a presumption of prejudice. *See Hultz v. State,* 24 S.W.3d 723, 726 (Mo.App. E.D.2000); *Scott v. State,* 183 S.W.3d 244, 248 (Mo.App. E.D.2005).[1] The presumption of prejudice may be overcome if trial counsel articulates a reasonable trial strategy for failing to strike a biased venireperson who is thereafter seat-ed as a juror. *James v. State,* 222 S.W.3d 302, 307 (Mo.App. W.D.2007). However, "where trial counsel fails to articulate a reasonable strategy for having the admittedly biased juror on the panel, counsel has failed to exercise the customary skill and diligence of a reasonably competent attorney." *Pearson v. State,* 280 S.W.3d 640, 645 (Mo.App. W.D.2009); *see also State v. McKee,* 826 S.W.2d 26, 28–29 (Mo. App. W.D.1992).

### Discussion

In his sole point, Movant contends that the motion court erred by failing to find that counsel was ineffective for failing to strike Mr. Graham in light of his statement that he could not be fair because of the nature of the case. Specifically, Movant claims that Mr. Graham's presence on the jury deprived him of a fair and impartial jury.

██ It is well-settled that "a defendant has a right to a fair and impartial jury." *James,* 222 S.W.3d at 305 (quoting *Anderson v. State,* 196 S.W.3d 28, 40 (Mo. banc 2006)). As the court held in *Presley v. State,* "[a]n 'impartial jury' is one where *each and every one* of the twelve members constituting the jury is totally free from partiality whatsoever." 750 S.W.2d 602, 606 (Mo.App. S.D.1988) (citation omitted) (emphasis in original). "To qualify as a juror, the venireman must be able to enter upon that service with an open mind, free from bias and prejudice." *James,* 222

---

1. The State claims that the Missouri Supreme Court recently "departed from the line of cases presuming prejudice in ineffective-assistance-of-counsel cases involving jury selection" when it decided *Strong v. State,* 263 S.W.3d 636 (Mo. banc 2008). Even a superficial reading of *Strong* belies this proposition. In *Strong,* the Court cites with approval, on two separate occasions, our decision in *Scott v. State,* where we held that "a movant is entitled to a presumption of prejudice re-sulting from counsel's ineffective assistance during the jury selection process only if the movant can show that a biased venireperson ultimately served on the jury." *Strong,* 263 S.W.3d at 648. Contrary to the State's assertion here, the *Strong* Court was indisputably clear that, where counsel's errors result in the empanelling of a biased juror, the defendant has been deprived of his right to a fair and impartial jury, and *Strickland* prejudice is therefore presumed. *Id.*

S.W.3d at 305 (citation omitted). "Where a venireperson's answer suggests a possibility of bias, that person is not qualified to serve as a juror unless, upon further questioning, he or she is rehabilitated by giving unequivocal assurances of impartiality." *Id.* at 306 (citation omitted). "If a juror cannot be fair and impartial, then the juror must be stricken." *Id.* at 305 (citation omitted).

Movant argues that Mr. Graham "clearly indicated that he could not be fair and unbiased because of the nature of the case." Neither the State nor the motion court disputes that Mr. Graham volunteered during defense counsel's questioning that he could not be fair. Defense counsel asked: "But is there something about the nature of his case that precludes or just makes it difficult for any of you all to sit as fair jurors?" Mr. Graham and one other venireperson raised their hands. When called upon, Mr. Graham responded: "From what I've already heard at the beginning I don't believe I could be fair for the Defendant." Following Mr. Graham's statement, defense counsel asked Mr. Graham a series of questions about his knowledge of the case and concluded with the query "And you couldn't be fair, correct?" to which Mr. Graham replied "I don't believe so." Defense counsel's next question to Mr. Graham referenced the trial court's instructions: "And following the Judge's instructions you're confident you just couldn't do it because of the nature of the case?" to which Mr. Graham responded "correct." Neither counsel nor the trial court had any other interaction with Mr. Graham until near the conclusion of the voir dire when defense counsel asked the panel "Is there anybody who would like not to be a juror in this case for any reason?" Mr. Graham raised his hand and defense counsel stated, "Mr. Graham, I understand your position."

Despite the clarity of the record, the State argues, in essence, and the motion court explicitly found, that "venireman Graham did not so unequivocally indicate that he lacked an ability to evaluate the evidence fairly and impartially." Both the State and motion court based this conclusion on Mr. Graham's silence following: (1) the trial court's recitation of MAI–CR 300.02; (2) the State's query to the venire regarding whether "you can wait and listen to all of the witnesses have testified before making up your mind about what actually happened[,]"; and (3) the State's discussion with other jurors regarding illegal drugs and their relationship to persons involved with drugs. However, a review of the record establishes that Mr. Graham's silence occurred *prior* to his statements that he could not be fair. Subsequent to his statements, there was no attempt to specifically address, either individually or by way of questions directed to the panel as a whole, Mr. Graham's conviction that he could not be fair. To ensure impartiality where a venireperson's answer suggests bias, follow-up questions designed to elicit unequivocal assurances of impartiality must be asked. *See James,* 222 S.W.3d at 305. A prospective juror may only be rehabilitated "if the rehabilitation is responsive to the indication of partiality, providing there is a clear, unequivocal assurance that the juror would not be partial." *State v. Edwards,* 740 S.W.2d 237, 243 (Mo.App. E.D.1987). Here, because there were no follow-up questions to Mr. Graham addressing his assertion that he could not be fair, there was not even an opportunity to give an unequivocal assurance of impartiality. Accordingly, neither the State, defense counsel, nor the trial court rehabilitated Mr. Graham, and he was not qualified to serve as a juror. *See James,* 222 S.W.3d at 306.

 Faced with the presumption of prejudice attaching to defense counsel's failure to strike Mr. Graham, we consider whether the record supports the trial court's determination that trial counsel's inaction was the product of reasonable trial strategy. At the hearing on Movant's motion, Movant's public defender submitted the affidavit of Movant's trial counsel. In his affidavit, trial counsel stated that his "failure to move to strike for cause Juror # 17, Steven Graham, was an oversight, and not a matter of trial strategy." The prosecutor bolstered trial counsel's declaration through his comments at the hearing. Directly following submission of trial counsel's affidavit, the motion court asked the prosecutor to comment. The prosecutor candidly stated as follows: "Judge, in this—it is—in looking at this transcript, I missed this fellow, as well as Mr. Cohen. But, this fellow, Mr. Graham, was asked, and he said, 'I don't believe I could be fair.' And he asked—he answered again, 'I don't believe so,' that he could be fair." The prosecutor also stated: "This juror who had made the statement that, 'I don't believe I could be fair,' admittedly twice, and frankly again, I would have striked (sic) that person, typically, but I missed him, too."

Notwithstanding the statements of the prosecutor and defense counsel at the Rule 29.15 hearing, the motion court rejected the claim of inadvertent mistake on the ground that the "attorneys in the case had the advantage and opportunity of looking the venirepersons in the eyes and listening to the words they spoke and the tone of voice used. . . ." However, under the circumstances here, counsel's presence at the voir dire and the possibility that he "observed something" about Mr. Graham is not a "plausible strategic reason for counsel's failure to challenge" Mr. Graham. *James,* 222 S.W.3d at 307. We conclude that a reasonably competent attorney would have moved to strike Mr. Graham, and the fact that he served on the jury "can only mean that [Movant] was tried in violation of his constitutional right to an impartial jury and that prejudice is so likely that prejudice may be presumed." *Id.* (citation omitted).

### Conclusion

The motion court's denial of Movant's post-conviction motion is reversed, Movant's conviction and sentence are vacated, and the cause is remanded for a new trial.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.