**STATE of Missouri, Respondent,**

v.

**Derone BOOKER, Appellant.**

**Nos. WD 50027, WD 52048.**

Missouri Court of Appeals,
Western District.

March 4, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied
June 17, 1997.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

The state charged Derone Booker with shooting a store attendant, David Thompson, and a delivery truck driver, Brenda Jackson, while robbing a Kansas City convenience store on May 27, 1993. He raises one point

in appealing his convictions of first degree robbery, first degree assault, and armed criminal action: the circuit court erred in overruling his objection to the prosecutor's arguing matters outside the record during summation. He also appeals the circuit court's denial of his Rule 29.15 motion for post-conviction relief by asserting that he established that his trial attorney was incompetent.

■ Booker complains that the circuit court overruled his objection to the prosecutor's argument concerning a drinking cup. Thompson had said that the person who shot him had purchased a soft drink in a foam cup before shooting him. Officers found a foam cup near where Thompson and Jackson were shot. In his closing statement, Booker argued three times to the jury that police had not tested the cup.[1] In her rebuttal argument, the prosecutor responded, "The cup, they argue[: ']You can't convict him because the cup wasn't tested.[']  Well, you better believe we've got a fair system, and you know everything was tested. If they truly thought it wasn't tested, they can request it. Don't let that fool you." Booker objected, "I think that's an improper burden shifting argument. We ask the jury be admonished." The circuit court denied the request.

The circuit court should have sustained the objection. The argument was improper. Booker was not obligated to prove or to request anything. He certainly was not required to test the cup. The circuit court should have admonished the jury to disregard the argument.

Even when the circuit court errs in overruling an objection to a closing argument, the error is not a basis for reversing the judgment of conviction without a showing that the error prejudiced the defendant's case—"that is, [where] there is a reasonable probability that, in the absence of the [error], the verdict would have been different." *State of Missouri v. Barton,* 936 S.W.2d 781, 786 (Mo. banc 1996). Overwhelming evidence against a defendant can overcome improper argument. *Id.; State v. Hurst,* 845 S.W.2d 669,

671 (Mo.App.1993); *State v. Roberts,* 838 S.W.2d 126, 131–32 (Mo.App.1992).

■ The prosecutor's comment was brief. In light of its brevity and the state's overwhelming evidence against Booker, we do not discern any probability that the verdict would have been different had the circuit court admonished the jury to disregard the remark. Booker admitted being at the scene and drinking from a foam cup; therefore, whether the cup was tested or not did not have much significance. Thompson positively identified Booker from the outset. While Jackson could not positively identify him from an array of photographs, she positively identified him in a line-up and at trial. We do not discern reversible error.

In his second point, Booker complains that the circuit court erred in denying his Rule 29.15 motion for post-conviction relief because he established that this trial attorney was incompetent. He charges his attorney with incompetence for not objecting to the state's cross-examining him about his being fired from a job at a fast-food restaurant. He charges his sentencing hearing attorney with incompetency for not objecting to the state's asking Jackson's husband to make a statement.

■ A tactical error does not establish ineffective assistance of counsel. Booker's burden was to establish that his attorney's performance fell below what a reasonably competent attorney would have done in representing him and that the attorney's incompetence prejudiced him. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

The benchmark for judging ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.... The court must ... determine whether, in light of all the circumstances, the identified acts or omissions were out-

---

1. Although this argument was apparently improper, *State v. Beck,* 785 S.W.2d 714, 720 (Mo. App.1990), the state did not object.

side the "wide range" of professionally competent assistance.... Counsel is strongly presumed to have rendered adequate assistance and made all decisions in the exercise of reasonable professional judgment.... Moreover, even when counsel's performance has been shown to be professionally unreasonable, the motion court must ask [whether] defendant has shown a reasonable likelihood that the decision reached would have been different absent the deficiencies of counsel's performance.

*State v. Graham*, 906 S.W.2d 771, 784 (Mo. App.1995).

Booker attempted to rebut the strong presumption that an attorney has rendered adequate assistance by relying only on the trial transcript. He did not call his attorney to seek an explanation for the absence of objections. This does not rebut the presumption. *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc), *cert. denied*, ⸺ U.S. ⸺, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996).

Indeed, "seasoned trial counsel may choose not to object to an otherwise improper argument for a strategic purpose[.]" *State v. Copeland*, 928 S.W.2d 828, 844 (Mo. banc 1996), *cert. denied*, ⸺ U.S. ⸺, 117 S.Ct. 981, 136 L.Ed.2d 864 (1997). By presenting only the transcript, Booker provided the circuit court no basis for concluding that his attorney did not have a strategic purpose in deciding not to object. We have reviewed the entire record. We fail to find any merit to Booker's contention that his attorney was ineffective.

We affirm the circuit court's judgment and its denial of Booker's Rule 29.15 motion for post-conviction relief.

LOWENSTEIN, P.J., and HOWARD, J., concur.