Keith L. TRIPP, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 21610.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 1998.

A. Renae Adamson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Judge.

Keith L. Tripp (Movant) appeals from the motion court's denial of his first amended motion to vacate, set aside or correct judgment and sentence brought under Rule 29.15.[1] Movant was convicted by a jury of robbery in the second degree, § 569.030; burglary in the first degree, § 569.160; burglary in the second degree; § 569.170; and stealing, § 570.030.[2] Movant was charged and sentenced as a prior offender. *See* § 558.016.2, RSMo Cum.Supp.1993.

This Court previously affirmed Movant's convictions but reversed and remanded the denial of his post-conviction motion. *See State v. Tripp*, 939 S.W.2d 513 (Mo.App.

1997). This Court held that "the motion court's 'generalized findings' do not address whether [Movant's] trial counsel's performance in not striking juror Higginbotham for cause was deficient performance." *Id.* at 522. We directed the motion court to enter written findings of fact and conclusions of law as to the issues raised in Movant's first appeal regarding Juror Higginbotham and the issue raised regarding Movant's removal from the courtroom the first day of his criminal trial. *Id.* at 522.

On March 5, 1997, the motion court entered its supplemental findings of fact and conclusions of law wherein it addressed the issues raised with regard to Juror Higginbotham and the removal of Movant from the courtroom and again denied Movant's post-conviction motion.

In the instant appeal, Movant assigns one point of motion court error. Movant contends that the motion court clearly erred in denying his Rule 29.15 motion because he was denied his rights to a fair and impartial jury and effective assistance of counsel. He maintains that a reasonably competent attorney would have moved to strike a juror when the juror gave a response that showed that the juror could not be fair and impartial if the [Movant] didn't testify at trial.

■ This Court reviews the denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(j); *State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997); *State v. Simmons*, 944 S.W.2d 165, 181 (Mo. banc 1997). Findings of fact and conclusions of law are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made. *Taylor*, 944 S.W.2d at 938.

To prevail on a claim of ineffective assistance of counsel, the movant must establish by a preponderance of the evidence "that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced

---

1. All Rule references are to Missouri Court Rules (1997).

2. All statutory references are to RSMo 1986, unless otherwise indicated.

thereby." *Simmons*, 944 S.W.2d at 181 (citing *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984)). Prejudice exists where there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's ineffectiveness. *Id.*

■ During the voir dire examination of prospective jurors for Movant's trial, his trial counsel asked the venire panel the following question:

Q. Let's say you are on our jury. Let's say you hear testimony from a lot of different people. Let's say you expect to hear testimony from [Movant]. And let's say he says nothing. He sits here silently throughout the course of the trial. The Judge instructs you on the law, you're sent back to the jury room to deliberate. Is there anybody here who feels that if that happens, they cannot be fair and impartial because of the fact that [Movant] doesn't testify? [3]

\* \* \* \*

MS. HIGGINBOTHAM: Pat Higginbotham. I feel like I know he has the right not to say anything. But since he has been charged and has said, "I am not guilty," I—I feel like he should let us know why he is not guilty—why he knows he's not guilty.

Juror Higginbotham served on the jury that convicted Movant. Movant asserts that Juror Higginbotham's response to his trial counsel's question regarding his right to not testify was a manifestation of bias and impartiality and that "his right to effective assistance of counsel was violated when his attorney failed to move to strike Pat Higginbotham [from the jury panel]."

In its supplemental findings of facts and conclusions of law, the motion court found the following:

With regard to [Movant's] claim that counsel ineffectively assisted him in his

defense by failing to remove juror, Pat Higginbotham, Attorney Higinbotham asks at page 109, line 3, Trial Transcript, the following question: "Anybody feel that they couldn't be fair and impartial if [Movant] did not testify?" Juror Higginbotham responded at page 109, line 14, Trial Transcript, as follows: "I feel like I know he has the right not to say anything. But since he has been charged and said 'I am not guilty,' I—feel like he should let us know why he is not guilty—why he knows he's not guilty."

Following Juror Higginbotham's response, the court goes to great lengths and explains extensively the purpose of the area of questioning, and poses additional questions to the potential jurors regarding the same area of examination. Following the court's lengthy discourse with the panel, there is no further response by Juror Higginbotham nor any other person on the panel. The natural, and quite logical presumption, as with all other questions to which no response is received during Voir Dire, is that no one had a problem with the concept of [Movant's] not being required to testify.

It should also be pointed out that even in Juror Higginbotham's limited response, as set forth above, she did not indicate that she could not be impartial and in fact said that she knew that [Movant] did not have to say anything.

With regard to the failure by counsel to remove Juror Higginbotham by using a peremptory challenge, counsel may very well have used his six strikes to remove persons whom he, in good faith, believed to be potentially more damaging to [Movant] than Juror Higginbotham. There is no indication otherwise either in the Trial Transcript or the transcript of the post conviction relief hearing.

The motion court concluded its supplemental findings of fact and conclusions of law by stating therein that "[a]ssuming the worst case scenario . . . [that] the failure to remove

---

**3.** We note that Movant's trial counsel testified during the hearing on Movant's post-conviction relief motion that during the voir dire examination of prospective jurors he had not yet reached a conclusion as to whether to advise Movant to testify or not. He further testified that the decision in this case "was made by [Movant] at the time that the State's evidence was over. . . ." Movant's trial counsel advised Movant to not testify and he did not.

Juror Higginbotham from the panel was an oversight rather than trial strategy (of which there is absolutely no showing), the conduct of attorney Higinbotham clearly does not rise to the level of ineffective assistance of counsel."

■■■ We note that there is a strong presumption that the challenged action constitutes sound trial strategy, thereby rendering it reasonably skillful and diligent. *State v. Williams*, 945 S.W.2d 575, 582 (Mo.App. 1997). Tactical errors do not establish ineffective assistance of counsel. *State v. Booker*, 945 S.W.2d 457, 458 (Mo.App.1997). Trial counsel's removal of a juror is a matter of reasonable trial strategy. *State v. Cage*, 945 S.W.2d 636, 640 (Mo.App.1997); *State v. Shaw*, 945 S.W.2d 590, 592 (Mo.App.1997). Trial counsel is not judged ineffective constitutionally simply because in retrospect his or her decision may seem to be an error in judgment. *State v. Huggans*, 868 S.W.2d 523, 526 (Mo.App.1993).

In our review of the hearing conducted on Movant's post-conviction relief motion, we note that Movant's trial counsel testified that during the voir dire examination he placed a "plus" next to Juror Higginbotham's name. He testified that "[a] plus would mean that that was ... a juror that we felt would be a positive juror."

Regarding the use of peremptory challenges, Movant's trial counsel testified that "[w]ith any luck ... we'll have no more than six negatives and we can ask to strike those six [prospective jurors] as peremptory strikes." Continuing, he testified that "[i]n this case, my memory serves that there were

a lot more than six negatives. And so we decided which six of those negatives to strike as peremptory challenges. * * * And my memory is we all agreed that the six to strike were the ones that we chose as our peremptories." [4]

As support for Movant's contention that his trial counsel provided ineffective assistance, he cites *Presley v. State*, 750 S.W.2d 602 (Mo.App. banc 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988) and *State v. McKee*, 826 S.W.2d 26 (Mo.App.1992). We determine that Movant's reliance on *Presley* and *McKee* is misplaced.

In *Presley*, this Court held that where a juror expressly stated that he would be biased against the defendant, defense counsel's neglect in striking that juror from the venire panel resulted in defendant not receiving effective assistance of counsel. *Presley*, 750 S.W.2d at 607. In *McKee*, the Western District of this Court held that where "two venireperson voiced a prejudice and later served on the jury can only mean that [defendant] was tried in violation of his constitutional right to an impartial jury and that prejudice is so likely that prejudice may be presumed." [5] *McKee*, 826 S.W.2d at 29.

Here, Juror Higginbotham did not express any bias against Movant. Further, following Juror Higginbotham's response during voir dire regarding whether anyone could remain fair and impartial if Movant chose to not testify, the motion court expressly found that the trial court went to great lengths and explained extensively to the jury Movant's right to not testify.[6] The motion court found

---

4. When trial counsel referred to "we all agreed," he was referring to himself, co-counsel Ms. Nancy Jennings, and Movant.

5. We note that in *McKee*, "[b]oth the attorney who conducted the voir dire on behalf of the [defendant] and his co-counsel testified at the hearing on the 29.15 motion and neither could remember any reason for the failure to challenge the two [jurors] for cause." *McKee*, 826 S.W.2d at 28.

6. Specifically, the trial court judge addressed the venire panel as follows:

> My job as a judge is I'm supposed to know the law. And as they ask these questions, I'm supposed to make sure these questions are

answered in the perspective of the law that does apply to it. We have to recognize that he has a right to remain silent. And the next step is, do you understand that right? And the next step is, can you respect that right; or would it bother you here today?

No prospective juror responded. Next, the trial court judge stated:

> And that's what we're really getting to. And sometimes there are people that says, "Yes, I understand that's the law, but I cannot accept that principle of law. And if the defendant doesn't testify, I'm going to hold it against him." So, we need to make sure in our mind—And some of you may feel that way. Some of you may not feel that way. And we need honest answers of—to that question.

that "[f]ollowing the court's lengthy discourse with the panel, there is no further response by Juror Higginbotham nor any other person on the panel." Moreover, Movant's trial counsel testified during the hearing on the 29.15 motion that he believed Juror Higginbotham was a positive juror for Movant's trial and that he remembered that his six peremptory challenges were exercised on prospective jurors who he and Movant believed were the six most negative for Movant's trial.[7]

As noted hereinabove, removal of a prospective juror is a matter of reasonable trial strategy. *Cage*, 945 S.W.2d at 640. Movant has failed to overcome the "strong presumption" that his trial counsel's conduct constituted sound trial strategy. *See Williams*, 945 S.W.2d at 582; *Cage* 945 S.W.2d at 640.

Based on our review of the entire record, this Court is not left with the definite impression that a mistake has been made. *See Taylor*, 944 S.W.2d at 938; *Simmons*, 944 S.W.2d at 181. The motion court's supplemental findings of fact and conclusions of law are not clearly erroneous. *See* Rule 29.15(j); *id.*

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

Following a follow-up question from Movant's trial counsel regarding this issue, no prospective juror responded. Finally, the trial court judge stated:

> He is presumed innocent unless and until you find him guilty. He doesn't have to testify. And you cannot use the fact that he doesn't— that he chooses not to testify, for whatever reason, you cannot legally use that against him. Those are the principles we have. * * * If you cannot accept those rules, then you need to say, "I cannot go along with those rules."

No prospective juror responded.

**7.** As to the ability of Movant's trial counsel to have exercised a challenge for cause in an attempt to remove Juror Higginbotham, we note that a movant cannot prevail on a claim of ineffectiveness because counsel failed to take such action that would have been rejected by the trial court. *Brownlow v. State*, 818 S.W.2d 302, 304 (Mo.App.1991).