Harry **HIGHTOWER**, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

No. 23890.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 2001.

---

**5.** Reversal based on Orion's first point means we need not address its other two points relied on.

Susan S. Kister, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, for Respondent.

GARRISON, Judge.

Harry Hightower ("Movant") appeals the denial of his Rule 29.15 [1] motion following an evidentiary hearing. On appeal, Movant contends that the motion court clearly erred in finding that trial counsel were not ineffective for failing to challenge a juror for cause or striking him peremptorily.

Movant was charged with robbery in the first degree, Section 569.020,[2] armed criminal action, Section 571.015, and tampering in the first degree, Section 569.080. A jury found him guilty on all counts, and he was sentenced to twenty years on the robbery count, twenty years on the armed criminal action count, and five years on the tampering count, the terms to be served concurrently. These convictions were affirmed on appeal. *State v. Hightower*, 951 S.W.2d 712 (Mo.App. S.D.1997).

Movant, thereafter, pursuant to Rule 29.15, filed a motion for post-conviction relief, which was later amended. In the amended motion, Movant made numerous claims that his trial counsel, James Feely ("Attorney Feely") and Deidre McMenamin ("Attorney McMenamin"), were ineffective, including a claim that they failed to strike venireperson Marion Thomas ("Thomas"), either for cause or peremptorily, because of various responses he made during voir dire. The motion court denied relief without an evidentiary hearing, and Movant appealed. This Court affirmed the motion court's denial of relief without an evidentiary hearing on all claims except for the claim regarding the failure to strike Thomas. *Hightower v. State*, 1 S.W.3d 626, 633 (Mo.App. S.D.1999). On that claim, the Court reversed and remanded for an evidentiary hearing. *Id.*

On September 8, 2000, an evidentiary hearing was held. Movant called Attorney Feely, who testified that during voir dire, the prosecutor had informed the jury panel that he was prosecuting a separate, unrelated case concerning the murder of Mike Ivey ("Ivey"). Attorney Feely stated that he remembered the prosecutor asking the jury panel if his prosecution of that case would affect their ability to sit as jurors, and recalled that Thomas indicated that Ivey was a friend of his and that might affect, in a positive way, his view of the prosecutor's office.[3] Attorney Feely testified that he would normally ask a prospective juror follow-up questions, but he did not ask Thomas any "because, based on [Thomas'] answers [to the prosecutor's questions], it would lead you to think that there's really no reason to keep him." However, Attorney Feely, who was based in St. Charles, Missouri, changed his mind about striking Thomas once he consulted

---

1. All rule references are to Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

3. During voir dire the following exchange occurred:

> [Prosecutor]: ... Do you know that ... we're prosecuting the Williamses for the [Ivey] killing? Is that going to affect the way you look at us here today?
> [Thomas]: It might. Because [Ivey] was a friend of mine.
> [Prosecutor]: Okay. So you're saying that might affect you, but it would affect you in a positive way as it relates to us as opposed to a negative way?
> [Thomas]: Yes.

*Hightower*, 1 S.W.3d at 631.

with Attorney McMenamin, who was a local defense attorney in Mississippi County. She told him that she had heard that friends and family of Ivey were mad at the prosecutor's office "because they didn't feel they were doing enough. And based on that, maybe this particular juror would have bad feelings toward the prosecutor." Attorney Feely further testified:

At the time I thought [Thomas] could possibly help us if he didn't—if he had bad feelings towards the prosecutor, whether or not it had to do with their, perhaps, their ethics or how good they were. And since our defense was that [Defendant] was not there, and there were some pieces of evidence that we brought out that I feel did show that [Defendant] was not the robber, I thought this particular juror would not find him guilty.

When questioned about whether Thomas had lied under oath when he stated that he might have positive feelings toward the prosecutor, Attorney Feely stated:

Well, to be honest with you, and as a trial attorney you're probably aware, oftentimes jurors don't always tell the truth on voir dire when you ask them [sic] question, "Will you hold it against the defendant if he doesn't testify?" Sometimes nobody raises their hand, and I can't imagine they're all telling the truth with that answer.

The way [the prosecutor] asked this question, and you can—you can read the question, it isn't stated as you're going to, you know, find this man guilty for sure. You know, it was sort of a well, you'll have a more positive than negative feeling towards [Defendant]—or towards us, and he said yes to mean a little more positive.

You know, like I said, I—I based what I did on what [Attorney McMenamin] told me, and, you know, if I had to do it over

again I would change it. But at the time I thought that [Attorney McMenamin] was giving the information that would be helpful in—in my case, so we decided to keep him.

Following Attorney Feely's testimony, the motion court took the matter under advisement. On September 19, 2000, the motion court issued its findings of fact and conclusions of law denying Movant's claim. Movant appeals from that ruling.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992). A motion court's findings are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Taylor,* 944 S.W.2d 925, 938 (Mo. banc 1997).

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State,* 968 S.W.2d 229, 230 (Mo.App. S.D.1998). To prove prejudice, a movant must show a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998). Moreover, actions that constitute sound trial strategy are not grounds for ineffective assistance claims, and this Court presumes that any challenged action was part of counsel's sound trial strategy and that counsel acted

professionally in making those decisions. *Id.*

In his sole point on appeal, Movant claims that trial counsel were ineffective in that they should have moved to strike Thomas for cause as "Thomas clearly expressed his favoritism for the prosecutor's office," or should have excused him with a peremptory strike as "trial counsel's initial intention was to strike [Thomas], and nothing he was told by [Attorney McMenamin] sufficiently contradicted this or supported the conclusion that [Thomas] would make a good juror for the defense."

A venireperson may be excluded for cause only where his or her views would prevent or substantially impair the performance of his or her duties as a juror in accordance with the instructions and oath. *State v. Rousan,* 961 S.W.2d 831, 839 (Mo. banc 1998). When alleging prejudice toward a defendant, it must clearly appear from the evidence that the venireperson was in fact prejudiced. *State v. Smith,* 850 S.W.2d 934, 940 (Mo.App. S.D. 1993). The qualifications of a prospective juror are not determined conclusively by a single response, but are made on the basis of the entire examination. *State v. Middleton,* 995 S.W.2d 443, 460 (Mo. banc. 1999).

Here, the motion court found that trial counsel did not render ineffective assistance of counsel for failing to challenge Thomas for cause. The motion court noted that "[a]t all times during the voir dire questioning, [Thomas] always maintained that he could be fair and impartial and a basis for cause was not established." The motion court also found that "Movant failed to rebut the presumption that the failure to object was a strategic choice." These findings are not clearly erroneous. During voir dire, Thomas stated that the prosecutor's handling of the Ivey case

"might" affect in a positive way his view of the prosecutor in Movant's case. However, based on the entire examination of Thomas, there is no evidence that his view of the prosecutor would prevent or substantially impair the performance of his duty as a juror. An admission by a venireperson that he could not put an experience out of his mind does not determine the qualification of that venireperson. *State v. Kinder,* 942 S.W.2d 313, 336 (Mo. banc 1996). "The proper question is whether or not that experience would produce bias or prejudice against the defendant on trial." *Id.* When asked by the prosecutor if he had made his mind up about the case, Thomas stated, "No, I haven't." *Hightower,* 1 S.W.3d at 631. Thomas also stated that he would listen to all of the evidence before making a decision. *Id.*

Furthermore, Movant failed to prove that the failure to challenge Thomas, either for cause or peremptorily, was not part of trial counsels' reasonable trial strategy. The decision whether or not to challenge a juror is a matter of reasonable trial strategy. *Tripp v. State,* 958 S.W.2d 108, 111 (Mo.App. S.D.1998). Trial counsel is afforded wide latitude as to matters of trial strategy. *State v. Davis,* 814 S.W.2d 593, 603 (Mo. banc 1991). A movant must overcome a strong presumption that the conduct of counsel was reasonable trial strategy. *Tripp,* 958 S.W.2d at 112.

For instance, in *Tripp,* trial counsel did not move to strike a juror who stated that she believed that the movant should testify in order to explain why he was not guilty. *Id.* at 110. Trial counsel testified that he made a strategic choice to keep the juror as he believed that she was a better choice than other jurors who were challenged. *Id.* at 111. The motion court found that the movant had not shown that keeping the venireperson on the jury was not a reasonable trial strategy and denied relief.

*Id.* at 110–11. This Court held that the motion court had not clearly erred, given that the juror had not expressed any specific bias against the movant and that the juror had demonstrated that she could be fair and impartial. *Id.* at 111–12.

In this case, Attorney Feely testified that, at the time of trial, he made a strategic choice to keep Thomas on the jury. Attorney Feely, Attorney McMenamin, and Movant were present when this decision was made. Attorney Feely testified at the hearing that he believed Thomas would be a favorable juror because he may have harbored bad feelings against the prosecutors due to their handling of the Ivey case. Thomas also never indicated that he was specifically biased against Movant. Therefore, trial counsel believed that having Thomas on the jury would be strategically helpful. The fact that Attorney Feely now believes that striking Thomas would have been the better strategy provides Movant no relief as "[t]rial counsel is not judged ineffective constitutionally simply because in retrospect his or her decision may seem to be an error in judgment." *See Tripp,* 958 S.W.2d at 111. Movant has failed to overcome the strong presumption that his trial counsels' conduct constituted sound trial strategy.

▮ Additionally, Movant has failed to prove that he was prejudiced by trial counsels' decision to leave Thomas on the jury. Movant is only entitled to a panel of jurors who are qualified, not to his favorite jurors among those qualified. *Ham v. State,* 7 S.W.3d 433, 439 (Mo.App. W.D. 1999). Movant has not shown that having another qualified juror on the panel, instead of Thomas, would have made it reasonably probable that the result of the trial would have been different. The motion court found that the evidence of guilt was overwhelming. This Court also held that the evidence was sufficient for a rea-

sonable juror to find Movant guilty. *Hightower,* 951 S.W.2d 712. Movant has not proven that Thomas was anything but a reasonable juror, and therefore cannot show that he was prejudiced by trial counsels' decision.

The motion court did not clearly err in denying Movant's Rule 29.15 motion as Movant has failed to establish that trial counsel were ineffective and that he was thereby prejudiced. The judgment of the motion court is therefore affirmed.

BARNEY, C.J., and RAHMEYER, J., concur.