Daniel P. SKIPPER, Movant–
Appellant,

v.

STATE of Missouri, Respondent.

No. 27517.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 2006.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Daniel P. Skipper (movant) was convicted of statutory rape in the first degree, § 566.032,[1] and statutory sodomy in the first degree, § 566.062. *See State v. Skipper*, 101 S.W.3d 350 (Mo.App.2003). Following incarceration, movant filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied following an evidentiary hearing. This court affirms.

Appellate review of the denial of a post-conviction motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Lyons v. State*, 39 S.W.3d 32, 36 (Mo.banc), *cert. denied*, 534 U.S. 976, 122 S.Ct. 402, 151 L.Ed.2d 305 (2001). "Findings of fact and conclusions of law are only clearly erroneous if, after review of the whole record, the Court is left with a definite and firm impression that a mistake has been made." *Id.*, 39 S.W.3d at 36.

Movant raises two points on appeal. Both contend he received ineffective assistance of counsel, one directed to representation at trial in the underlying criminal case and one directed to representation in the direct appeal of that case. To prevail on an ineffective assistance of counsel claim, a movant must " 'show that counsel's representation fell below an objective standard of reasonableness.' " *Moss v. State*, 10 S.W.3d 508, 511 (Mo.banc 2000), *quoting Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant must also show that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.*, quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.*

■ Point I relates to the verdict-directing instruction the trial court gave for statutory sodomy, Instruction No. 7. It states:

As to Count II if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 25th day of January through the 3rd day of February, 2000, in the County of Lawrence, State of Missouri, the defendant placed his hand on the genitals and inserted his finger into the vagina of [victim], and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that at that time [victim] was less than twelve years old, then you will find the defendant guilty under Count II of statutory sodomy in the first degree under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in the instruction the term "deviate sexual intercourse" means any

---

1. References to statutes are to RSMo 1994 unless otherwise stated.

act involving the genitals of one person and the mouth, tongue, *hand,* or anus of another person done for the purpose of arousing or gratifying the sexual desire of any person. [Emphasis added.]

This court's opinion in the direct appeal of movant's criminal case explained:

> During the period the charged offense was alleged to have occurred, "on or about January 25 through February 3, 2000," the definition of "deviate sexual intercourse" was "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male of female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." § 566.010(1).
>
> The definition was changed in 2000 by legislation that inserted the word "hand" preceding the words "mouth, tongue ..." in that statute. *See* § 566.010(1), RSMo 2000. That legislation became effective August 28, 2000, after the date of the offense of which defendant was found guilty. A definition from the 2000 revision of the statutes was used in Instruction No. 7, i.e., that "the term 'deviate sexual intercourse' means any act involving the genitals of one person and the mouth, tongue, hand, or anus of another person done for the purpose of arousing or gratifying the sexual desire on any person."

*State v. Skipper,* 101 S.W.3d at 355–56. In considering whether to grant plain error review in the direct appeal, this court found that there was no facial basis for concluding that the jury had been so misdirected that plain error would have occurred.

Point I complains that movant's trial attorney's failure to object to Instruction No. 7 was ineffective assistance of counsel;

that had he objected to it, Instruction No. 7 would not have been given and there was a reasonable probability that the outcome of movant's trial, i.e., his conviction for statutory sodomy, "would have been different."

 In considering whether plain error occurred in a direct appeal, the determination that must be made is whether manifest injustice or miscarriage of justice occurred by reason of erroneous rulings at trial. *See Deck v. State,* 68 S.W.3d 418, 424 (Mo.banc 2002). Whereas, in reviewing a post-conviction judgment directed to a claim of ineffective assistance of counsel, the issue is not whether a just result was reached, but whether, through dereliction of counsel, the reviewing court's confidence is undermined in the fairness of the proceeding. *Id.* at 428. Notwithstanding the different standards of review for determining plain error on direct appeal and considering claims of post-conviction relief when there are allegations of ineffective assistance of counsel, it is only in rare cases that those differences would cause a court to grant post-conviction relief after it has denied relief on direct appeal. *Id.* This court does not perceive movant's claim of ineffective assistance of trial counsel to be one of those rare cases.

The motion court, in denying movant's claim of ineffective assistance of trial counsel, pointed to this court's summarization of evidence in the direct appeal. The motion court quoted from the opinion in the direct appeal that states:

> The evidence ... was that [movant] penetrated [the victim's] sex organ with his finger. that [sic] evidence was substantial. N.H. [the victim's mother] testified that she saw [movant] do this. [The victim] testified at trial that [movant] did this. The videotaped recording of Kathy Carr's interview with [the vic-

tim] corroborated [the victim's] trial testimony.

*See State v. Skipper,* 101 S.W.3d at 356. The motion court acknowledged that the applicable definition of deviate sexual intercourse included the sexual act involving penetration, however slight, of the female sex organ by a finger. On that basis, the motion court concluded that there was no reasonable possibility that had trial counsel objected to Instruction No. 7, the result at trial would have been different.

The motion court's determination is not clearly erroneous. Had movant's trial counsel objected to Instruction No. 7 on the basis that it was not compatible with the statute applicable at the time the alleged offense occurred, a modification in the instruction to comply with the statute would have permitted the jury to find defendant guilty on the basis of the same evidence that had been adduced. As determined by the motion court, there was no showing that but for trial counsel's failure to object to the incorrect definition in Instruction No. 7, a reasonable probability existed that the outcome of the trial would have been different. The failure of trial counsel to cause the correct definition of deviate sexual intercourse to be used was not a shortcoming that would undermine confidence in the outcome at trial. Point I is denied.

Point II claims the motion court erred in denying movant's Rule 29.15 motion in that movant was denied effective assistance of appellate counsel because movant's appellate counsel in movant's direct appeal did not assert as error on appeal that the trial court erred in overruling movant's motion for mistrial "after the venire panel had been tainted by inflammatory and prejudicial remarks by a panel member that she would have a hard time presuming [movant] to be innocent of the

charges because of things she knew about him from the past."

■ Point II is directed to remarks during voir dire by panel member Lisa Hunter. The panel was asked if anybody on the panel felt like they would have trouble presuming movant was innocent. Ms. Hunter stated that, from things she knew from the past when movant was married to a classmate of hers, it would be kind of hard. Movant's trial counsel moved for mistrial. The request was denied and Lisa Hunter was excused for cause. Movant contends that appellate counsel in his direct appeal was ineffective in not asserting that this was error; that Ms. Hunter's remarks tainted the entire panel.

■ To support a claim of ineffective appellate counsel there must be strong grounds that counsel failed to assert a claim of error that would have required reversal had it been asserted; that the claim was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *See Reuscher v. State,* 887 S.W.2d 588, 591 (Mo.banc 1994), *cert. denied,* 514 U.S. 1119, 115 S.Ct. 1982, 131 L.Ed.2d 869 (1995). The motion court concluded that the trial judge clearly did not believe there was cause to declare a mistrial; that the statement by Lisa Hunter was insufficient to taint the panel; that she was only responding to the question that was asked. The motion court stated that by not going into detail why she could not presume movant innocent, Ms. Hunter did not taint the jury.

In *State v. Lacy,* 851 S.W.2d 623 (Mo. App.1993), a panel member stated on voir dire, in response to counsel's inquiry, that he knew the defendant in the case from dealings with him and his family in an apartment complex about two miles from where the crime for which the defendant was on trial had been committed. The

panel member stated he did not believe he could be a fair and impartial juror; that from what he knew from the past, he would have a predetermined verdict. Defense counsel in *Lacy* moved to quash the venire panel. The motion was denied. The panel member was stricken for cause. The court held:

> Generally, disqualification of an individual juror for bias or expression of an opinion is not sufficient for a challenge of the entire venire panel. *State v. Evans,* 802 S.W.2d 507, 514 [17–19] (Mo. banc 1991). The entire venire will be quashed only if the answer is so inflammatory and prejudicial that it can be said that appellant's right to a fair trial has been infringed. *Id.* The trial court is vested with broad discretion in determining whether a jury panel should be dismissed, and its ruling will not be disturbed on appeal absent a clear abuse of discretion. *Id.*

*Id.* at 630–31. The court concluded that the trial court did not abuse its discretion in overruling the motion to quash the venire.

Movant's motion for mistrial in this case is akin to the motion to quash the venire in *Lacy.* It was directed to the assertion that all the prospective jurors in the case were tainted by Lisa Hunter's response to the question posed in voir dire. The motion court's findings and conclusions that the trial court did not abuse its discretion in denying the motion for mistrial is not clearly erroneous. Point II is denied. The judgment is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.