**Derrick O. McFARLAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 30445.**

Missouri Court of Appeals,
Southern District,
Division One.

March 31, 2011.

---

1. All statutory references are to RSMo 2010 unless otherwise specified.

Robert W. Lundt, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen. and Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Derrick O. McFarland ("Movant") appeals the motion court's denial following an evidentiary hearing of his "First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence ..." filed pursuant to Rule 29.15.[1] Movant's two points on appeal assert he received ineffective assistance of counsel due to his trial counsel's failure to strike a juror for cause and to object to a jury instruction. We affirm the judgment of the motion court.

The record reveals that Movant was charged as a prior offender via "Amended Information" on January 18, 2007, with one count of the class A felony of murder in the first degree, a violation of section 565.020, and one count of the unclassified felony of armed criminal action, a violation

---

1. All rule references are to Missouri Court Rules (2010).

of section 570.015.[2] The evidence at trial revealed that Movant hired Travis Henderson ("Mr. Henderson") to shoot Lawrence Warren ("Victim") because of Movant's belief that Victim was behind a previous incident in which Movant was robbed of drugs and money. Victim died as a result of the shooting. At trial, Movant denied he participated in the crime at all. *See State v. McFarland*, 259 S.W.3d 621, 624 (Mo.App.2008). Following a jury trial, Movant was sentenced to life imprisonment without the possibility of parole and ten years, respectively. *Id.* Movant's conviction was upheld on direct appeal to this Court. *Id.* at 625.

On October 22, 2008, Movant filed a *pro se* Rule 29.15 motion requesting postconviction relief. Thereafter, the motion court appointed counsel to represent Movant and an amended Rule 29.15 motion was filed. Following a hearing, the motion court entered its "Judgment" and "Findings of Fact and Conclusions of Law" denying Movant's request for relief. This appeal by Movant followed.

■■■ Appellate review of a motion court's ruling on a Rule 29.15 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 29.15(k); *see Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). "The findings of the motion court are presumptively valid." *Fry v. State*, 244 S.W.3d 284, 285 (Mo.App.2008). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997).

2. All statutory references are to RSMo 2000.

A movant bears the burden of proving, by a preponderance of the evidence, that he received ineffective assistance of counsel. Rule 29.15(i). To establish ineffective assistance of counsel, a movant must show that: (1) "counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney;" and (2) counsel's poor performance prejudiced the defense. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Movant bears the heavy burden of overcoming the trial court's presumption that trial counsel's conduct was reasonable and effective. *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001). The second prong of the *Strickland* test is met when a movant shows that his attorney's errors affected the judgment. *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. A movant can prove that the judgment was affected when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Movant must prove each portion of this two-pronged performance and prejudice test in order to prevail on his ineffective assistance of counsel claim. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■■■ Movant's first point relied on maintains the motion court erred in denying his request for postconviction relief because

counsel failed to act as a reasonably competent attorney under the same or similar circumstances by failing to strike for cause [John Huck ("Mr. Huck")], who knew a State's witness and stated

he could not be fair. The motion court's conclusion that trial counsel's decision was reasonable trial strategy because he believed that [Mr. Huck] would have reason to know the witness had a reputation as a liar leaves a definite and firm impression that a mistake has been made.

During voir dire, the State asked the jury venire if any of them were familiar with a potential witness named Dontae Weakley ("Mr. Weakly"). The following colloquy occurred between the State and Mr. Huck:

MR. HUCK: I coached him in baseball, years ago.

THE STATE: How long ago was that, you think?

MR. HUCK: Oh, maybe 15 years ago.

THE STATE: Anything about your relationship at that time with Mr. Weakly that would, that wouldn't you, wouldn't allow you to evaluate the testimony or anything else, or sway you one way or the other?

MR. HUCK: No.

THE STATE: You can give both sides in this case a fair hearing in that relationship?

MR. HUCK: No.

THE STATE: You don't think so, okay. You said it was basketball?

MR. HUCK: Baseball.

THE STATE: Baseball. And you said 20 years ago?

MR. HUCK: 15 or 20. It was a long time ago.

Mr. Huck also indicated that he knew one of the highway patrol officers who was expected to testify, but that he only knew him "kind of casually" such that he "wouldn't have a problem" evaluating his testimony. Movant's counsel, Jerry Montgomery ("Attorney Montgomery"), did not individually question Mr. Huck. At the close of voir dire, Attorney Montgomery moved to strike seven jurors for cause, but Mr. Huck was not one of those jurors. As a result, Mr. Huck sat on Movant's petit jury.

At the evidentiary hearing in this matter, Attorney Montgomery testified that he did not recall Mr. Huck acknowledging that "he could not be fair ..." to Movant were he to sit on his jury. He related that he

[did] not recall hi[s] saying he could not give him a fair trial. [However, Attorney Montgomery related that he] thought it would be wise to leave him on because he knew Mr. Weakly and [Mr. Huck] would know that—that his—whether he ... would lie in certain areas of his testimony.

Attorney Montgomery also testified he "consulted extensively [with Movant] during the voir dire and ... throughout the trial" and "remember[ed] discussing with [Movant], Mr. Huck's—the fact that he was [Mr.] Weakly's coach. There were other ... people on the jury panel that we struck because [Movant] wanted them struck." He stated that he had "explained to [Movant that he] thought [Mr. Huck's] personal involvement might be beneficial, but [he] didn't catch the other phrases apparently."

The motion court concluded Attorney Montgomery "decided not to strike Mr. Huck because Mr. Huck knew a State's witness, and the attorney believed that Mr. Huck would know that the witness was an untruthful person, thereby helping [M]ovant's cause," such that his failure to request to strike Mr. Huck was reasonable trial strategy. We agree.

■■■■ "The decision to strike a venireperson is generally a matter of trial strategy" and "[r]easonable decisions regarding trial strategy cannot be the basis for an

ineffective assistance of counsel claim." *Boyd v. State*, 86 S.W.3d 153, 158 (Mo.App. 2002). Further, "there is a strong presumption that the challenged action constitutes sound trial strategy, thereby rendering it reasonably skillful and diligent." *Tripp v. State*, 958 S.W.2d 108, 111 (Mo. App.1998). "Tactical errors do not establish ineffective assistance of counsel." *Id.*; *see State v. Cage*, 945 S.W.2d 636, 640 (Mo.App.1997). "Trial counsel is not judged ineffective constitutionally simply because in retrospect his or her decision may seem to be an error in judgment." *Tripp*, 958 S.W.2d at 111.

It is not lost on this Court that Mr. Huck was initially responding to the State's poorly phrased question, and it appears Mr. Huck's response was ambiguous relative to his ability to be a fair arbiter of justice because he initially acknowledged in the negative that there was not anything "about [his] relationship . . . with Mr. Weakly that . . . wouldn't allow [him] to evaluate the testimony or anything else, or sway [him] one way or the other;" yet, he then related he could not give "both sides in this case a fair hearing. . . ." Of course, neither the State's attorney nor Attorney Montgomery asked for clarification of Mr. Huck's remarks. Nevertheless, it does not necessarily follow that had Attorney Montgomery caught Mr. Huck's answer that he could be faulted for refraining from asking Mr. Huck to clarify his response. It is our view that there may be tactical reasons not to have the venire exposed to possibly damaging remarks arising from such a clarification. Attorney Montgomery explained that his

strategic reason not to strike Mr. Huck was based on his belief that if Mr. Huck knew of Mr. Weakly's poor character it would follow that Mr. Huck would not find Mr. Weakly's testimony to be credible, which would aid Movant's case. "Trial counsel's removal of a juror is a matter of reasonable trial strategy." *Cage*, 945 S.W.2d at 640. Furthermore, Attorney Montgomery related he discussed the potential strikes during voir dire with Movant, and Movant expressed no specific concern with Mr. Huck being a juror. "When alleging prejudice toward a defendant, it must clearly appear from the evidence that the venireperson was in fact prejudiced" and a prospective juror's qualifications "are not determined conclusively by a single response, but are made on the basis of the entire examination." *Hightower v. State*, 43 S.W.3d 472, 476 (Mo.App.2001) (internal citation omitted). It was not clear that Mr. Huck was prejudiced against Movant.[3] "Movant has failed to overcome the 'strong presumption' that his trial counsel's conduct constituted sound trial strategy." *Tripp*, 958 S.W.2d at 112. The motion court did not err in denying Movant's request for postconviction relief on the basis that his trial counsel did not strike Mr. Huck for cause. Point I is denied.

Movant's second point relied on asserts the motion court erred in denying his Rule 29.15 motion because his trial "counsel failed to act as a reasonably competent attorney under the same or similar circumstances . . ." in that Attorney Montgomery failed "to object to Instruction Number 8, the verdict director for murder in the first

---

**3.** We note Movant cites *White v. State*, 290 S.W.3d 162, 165 (Mo.App.2009), for the proposition that "[w]here trial counsel fails to strike a *biased* venireperson who ultimately serves as a juror, a [postconviction] defendant is entitled to a presumption of prejudice." (Emphasis added.) The difference in *White*

and the present matter is that the juror in *White* was obviously, admittedly biased against the movant while Mr. Huck's responses during voir dire were ambiguous. Thus, the prejudice presumption set out in *White* is inapplicable here.

degree which failed to ascribe the element of deliberation to [Movant].” As such, Movant maintains “[t]he motion court's conclusion that trial counsel's error did not so undermine the adversarial process that the trial cannot be relied on as having produced a just result leaves a definite and firm impression that a mistake has been made.”

In Movant's underlying criminal trial, the verdict director for first-degree murder did not comply with Missouri Approved Instruction (“MAI”)–CR3d 304.04, “in that the element of deliberation was not personally ascribed to [Movant].” *McFarland,* 259 S.W.3d at 623. At the evidentiary hearing held in conjunction with Movant's Rule 29.15 motion, Attorney Montgomery admitted that the Notes on Use 7(b) for MAI–CR3d 304.04 appeared to require an additional paragraph in the verdict director requiring a finding that Movant committed the crime with deliberation. He stated that no such paragraph appeared in Instruction No. 8, and he had no “strategic reason” for failing to object to that instruction.

We note that on direct appeal to this Court Movant argued “the verdict director for first-degree murder did not comply with MAI–CR3d 304.04, in that the element of deliberation was not personally ascribed to [Movant].” *McFarland,* 259 S.W.3d at 623. The State conceded error in the wording of the verdict director, but asserted Movant suffered no prejudice as a result of the error. *Id.* In denying plain error review, this Court observed that in the trial below,

> defense counsel argued in closing that the case was ‘not about [whether Victim] was killed, or whether it was cool reflection if he was killed, it was whether there was an agreement’ between [Movant] and [Mr.] Henderson. [Movant] did not contest the element of deliberation, or ‘cool reflection’ as it is defined by

statute and instruction. Rather, he denied that he participated in the crime at all.

*Id.* at 624 (emphasis and internal footnote omitted). Hence, because Movant did not contest the issue of deliberation there was “no prejudice or manifest injustice from instructional error unrelated to the disputed matters at trial” and this Court denied Movant relief in his direct appeal. *Id.*

In the present proceedings, the motion court determined that

> [j]ust as the Court of Appeals in *McFarland* found no plain error in the giving of the murder verdict director, this court finds that the failure of the attorney to object to Instruction No. 8 did not so undermine the functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

Consequently, the motion court denied Movant's Rule 29.15 motion.

■ The motion court's ruling is supported by *Leisure v. State,* 828 S.W.2d 872, 874 (Mo. banc 1992), which found that “[i]ssues decided upon direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a [postconviction] proceeding.” “Further analysis would be unnecessary but for the Supreme Court's later ruling in *Deck v. State,* 68 S.W.3d 418 (Mo. banc 2002).” *Shifkowski v. State,* 136 S.W.3d 588, 590 (Mo.App.2004). Interpreting the *Deck* ruling, this Court in *Skipper v. State,* 209 S.W.3d 552, 554 (Mo. App.2006), observed that in “considering whether plain error occurred in a direct appeal, the determination that must be made is whether manifest injustice or miscarriage of justice occurred by reason of erroneous rulings at trial.” *Id.* “Whereas, in reviewing a [postconviction] judgment directed to a claim of ineffective assistance of counsel, the issue is not whether a just result was reached, but whether, through dereliction of counsel, the reviewing court's

confidence is undermined in the fairness of the proceeding." *Id.* Nevertheless,

[n]otwithstanding the different standards of review for determining plain error on direct appeal and considering claims of [postconviction] relief when there are allegations of ineffective assistance of counsel, it is only in rare cases that those differences would cause a court to grant [postconviction] relief after it has denied relief on direct appeal.

*Id.* Here, we do not perceive Movant's claim of ineffective assistance of trial counsel to be one of those rare cases. *See Shifkowski,* 136 S.W.3d at 590. As previously related, at trial Movant had not contested the element of deliberation, or "cool reflection" as it is defined by statute and instructions, and, indeed, Movant denied any participation in the crime. As already stated, "[o]ur courts have found no prejudice or manifest injustice from instructional error unrelated to the disputed matters at trial." *McFarland,* 259 S.W.3d at 624; *see also State v. Wurtzberger,* 40 S.W.3d 893, 898 (Mo. banc 2001) (holding that "it is well-settled that a trial court's failure to correctly instruct the jury on an element of the crime charged that was undisputed at trial cannot result in manifest injustice"). Therefore, *Leisure,* 828 S.W.2d at 874, is still controlling in this situation, and "[w]hen, as here, a plain error point was reviewed on direct appeal and the appellate court concluded that no error occurred, the issue cannot be relitigated in a [postconviction] proceeding." *Shifkowski,* 136 S.W.3d at 591; *see Ringo v. State,* 120 S.W.3d 743, 744–46 (Mo. banc 2003). Point II is denied.

We affirm the order overruling Movant's Rule 29.15 motion.

LYNCH and BURRELL, JJ., concur.